UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
DERRICK LORICK, JR.,

          Plaintiff,

v.

THE CITY OF BEACON, and DETECTIVE
RICHARD SASSI, JR.,

          Defendants.
--------------------------------------------------------------x

**OPINION AND ORDER**

16 CV 3933 (VB)

Briccetti, J.:

    Plaintiff Derrick Lorick, Jr., brings this action pursuant to 42 U.S.C. § 1983 against defendants The City of Beacon (the "City") and police detective Richard Sassi, Jr., asserting claims for malicious prosecution.

    Before the Court are defendants' motions to dismiss the amended complaint under Rule 12(b)(6). (Docs. ##31, 34).

    For the following reasons, the City's motion is GRANTED, and Sassi's motion is DENIED.

    The Court has subject matter jurisdiction under 28 U.S.C. § 1331.

## BACKGROUND

    In deciding the pending motion, the Court accepts as true all well-pleaded factual allegations in the amended complaint and draws all reasonable inferences in plaintiff's favor.

    Plaintiff alleges on September 24, 2011, Sassi and "other" City of Beacon police officers arrested him. (Am. Compl. ¶ 12). Plaintiff alleges Sassi said he had a warrant for plaintiff's arrest, but that was untrue. Shortly thereafter, plaintiff was arraigned on felony charges of

1

Criminal Sale of a Controlled Substance in the Third Degree, and Criminal Possession of a Controlled Substance in the Third Degree.  (Id. ¶ 14).

At the time, plaintiff was on parole related to a previous offense.  He alleges Sassi knew this and knew arresting plaintiff would "caus[e] [him] to be deprived of his liberty for a long period."  (Am. Compl. ¶ 76).

Plaintiff's case was presented to a grand jury, which indicted plaintiff.  Plaintiff alleges his prosecution before the grand jury was "solely based upon . . . Sassi's testimony."  (Am. Compl. ¶ 42).  Plaintiff further alleges Sassi testified before the grand jury that he observed plaintiff sell drugs to a confidential informant.  Plaintiff alleges this was untrue and that he did not possess or sell drugs to anyone.  Plaintiff alleges Sassi was having an affair with the confidential informant to whom plaintiff allegedly sold drugs.

On May 23, 2013, the Dutchess County District Attorney's office moved to dismiss the indictment because it determined Sassi was not a credible witness.  In particular, Sassi was suspended with pay in October 2012 (and later convicted of a misdemeanor offense) for falsely reporting an incident in an unrelated case.

On June 25, 2013, the judge presiding over plaintiff's criminal case granted the motion to dismiss "in the interest of justice."  (Raimondi Dec'l at Ex. G).[1]

---

[1] "In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a district court may consider . . . documents incorporated by reference in the complaint." DiFolco v. MSNBC Cable L.L.C., 622 F.3d 104, 111 (2d Cir. 2010).

## DISCUSSION

I.  Legal Standard

In deciding a Rule 12(b)(6) motion, the Court evaluates the sufficiency of the operative complaint under the "two-pronged approach" articulated by the Supreme Court in Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).  First, plaintiff's legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the assumption of truth and are thus not sufficient to withstand a motion to dismiss.  Id. at 678.  Second, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  Id. at 679.

To survive a Rule 12(b)(6) motion, the allegations in the complaint must meet a standard of "plausibility."  Id. at 678.  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  Id.

II. Malicious Prosecution

Defendants argue plaintiff has failed to state a claim for malicious prosecution.[2]

The Court disagrees.

To prevail on a claim for malicious prosecution under Section 1983, "a plaintiff must show a Fourth Amendment violation and establish the elements of a malicious prosecution claim under state law."  Roberts v. Babkiewicz, 582 F.3d 418, 420 (2d Cir. 2009) (quoting Fulton v. Robinson, 289 F.3d 188, 195 (2d Cir. 2002)).  To state a viable claim for malicious prosecution

---

[2]   Plaintiff does not bring a false arrest claim, presumably because it would have been barred by the applicable statute of limitations.  (See Sassi Br. at 8).

3

under New York law, plaintiff must show (1) initiation and continuation of criminal process against plaintiff; (2) termination of the proceeding in plaintiff's favor; (3) lack of probable cause; and (4) actual malice as a motivation for defendants' actions. Jocks v. Tavernier, 316 F.3d 128, 136 (2d Cir. 2003).

Only the second, third, and fourth elements are in dispute here. The Court will consider each in turn.

### A. Termination of Proceeding in Plaintiff's Favor

Defendants argue that because the charges against plaintiff were dropped "in the interest of justice," it cannot be said to be a favorable termination.

The Court disagrees.

There is no "per se rule that a dismissal in the interest of justice can never constitute a favorable termination. . . . [T]he question is whether, under the circumstances of each case, the disposition was inconsistent with the innocence of the accused," such as where the dismissal "represents mercy requested or accepted by the accused." Cantalino v. Danner, 96 N.Y.2d 391, 396 (N.Y. 2001).

Here, the dismissal was not out of mercy or otherwise inconsistent with plaintiff's innocence. Put another way, plaintiff's contention that he did not possess or sell drugs is consistent with—not somehow contradicted by—the prosecutor's decision to seek dismissal of those charges because of Sassi's credibility issues.

Accordingly, plaintiff has sufficiently alleged the proceedings initiated against him were terminated in his favor.

4

B. <u>Lack of Probable Cause</u>

Defendants argue plaintiff failed to allege there was an absence of probable cause to prosecute him.

The Court disagrees.

"Because lack of probable cause is an element of a malicious prosecution claim, the existence of probable cause is a complete defense to a claim of malicious prosecution." <u>Stansbury v. Wertman</u>, 721 F.3d 84, 94-95 (2d Cir. 2013) (quoting <u>Manganiello v. City of New York</u>, 612 F.3d 149, 161–62 (2d Cir. 2010)).

However, "even when probable cause is present at the time of arrest, evidence could later surface which would eliminate that probable cause." <u>Lowth v. Town of Cheektowaga</u>, 82 F.3d 563, 571 (2d Cir. 1996), <u>amended</u> (May 21, 1996) (quoting <u>Cox v. County of Suffolk</u>, 780 F.Supp. 103, 108 (E.D.N.Y. 1991)). But "for probable cause to dissipate, the groundless nature of the charges must be made apparent by the discovery of some intervening fact." <u>Id</u>.

1. <u>Probable Cause for Arrest without a Warrant</u>

Here, defendants first argue the absence of a warrant is not dispositive of probable cause, and therefore plaintiff's allegations that there was no probable cause because there was no warrant should be ignored.

Defendants are correct that the absence of a warrant is not dispositive of whether police have probable cause to make an arrest. However, plaintiff has alleged more than merely the absence of a warrant here. In particular, he alleges there was <u>no</u> reason to arrest him on the date in question. He alleges he did not possess any controlled substance or sell any controlled substance to anyone. (Am. Compl. ¶ 52).

5

Moreover, the documents submitted by defendants in connection with their motions arguably support plaintiff's allegations.  In an affidavit submitted in connection with an omnibus motion in the underlying criminal case, plaintiff's counsel asserted that "there is no specific and material evidence to connect [plaintiff] to the contraband that is the subject of the Indictment," and that at "the time of his arrest, no contraband was taken from [plaintiff's] person, no evidence was secured, no identification procedure was conducted, . . . [plaintiff] made no statement," and "there was no arrest warrant."  (Raimondi Dec'l Ex. B at p. 16, ¶¶ 34-35).  In other words, according to plaintiff, there was no legitimate reason—neither a warrant nor probable cause—for plaintiff to have been arrested.

Defendants ignore this information and point instead to the County Court judge's statement in his decision dismissing the indictment that "[d]uring review of the Grand Jury minutes when deciding Defendant's omnibus motion, it appeared that the evidence of Defendant's guilt was compelling." (Raimondi Dec'l Ex. G at 4).  However, this statement is vague—it does not identify what evidence was presented to the grand jury or what it was about that evidence that made it "compelling."

Based on the foregoing, at this early stage of the case, the Court concludes plaintiff has sufficiently and plausibly alleged a lack of probable cause for his arrest and subsequent prosecution.

        2.        Rebuttable Presumption of Probable Cause

Defendants next argue the grand jury indictment creates a presumption of probable cause, and that plaintiff cannot overcome that presumption here.

The Court disagrees.

6

"[I]ndictment by a grand jury creates a presumption of probable cause." Lewis v. City of N.Y., 591 F. App'x 21, 22 (2d Cir. 2015) (summary order) (quoting Manganiello v. City of N.Y., 612 F.3d 149, 162 (2d Cir. 2010)).  However, the presumption of probable cause created by a grand jury indictment may be rebutted "by evidence that the indictment was procured by fraud, perjury, the suppression of evidence or other police conduct undertaken in bad faith." Id. (quoting Manganiello v. City of N.Y., 612 F.3d at 162).

Here, it is undisputed Sassi provided testimony before the grand jury, and that the prosecution later determined that Sassi was not a credible witness.  Indeed, the indictment was dismissed at the prosecution's request because Sassi "destroyed his credibility, and that by so doing has weakened the People's case to the point that they are not able to proceed to trial." (Raimondi Dec'l Ex. G at 5).

The Court concludes plaintiff's allegations of wrongdoing on the part of Sassi, combined with the prosecution's conclusion it could not rely on Sassi's testimony at trial, are sufficient at the motion to dismiss stage to overcome the presumption of probable cause created by the grand jury indictment.

    C.    Actual Malice

Finally, defendants argue plaintiff failed to allege actual malice.

Again, the Court disagrees.

"Showing malice under New York law in this context 'does not require a plaintiff to prove that the defendant was motivated by spite or hatred, . . . rather, it means that the defendant must have commenced the prior criminal proceeding due to a wrong or improper motive, something other than a desire to see the ends of justice served.'" Rounseville v. Zahl, 13 F.3d 625, 630 (2d Cir. 1994) (quoting Nardelli v. Stamberg, 44 N.Y.2d 500, 502–03 (N.Y. 1978)).

Here, plaintiff alleges "Sassi was using false information from his informants to make fake drug busts and move up the ladder in his profession." (Am. Compl. ¶ 27). In addition, he alleges Sassi "knew that Plaintiff was on parole, and that his arrest would trigger a parole violation causing Plaintiff to be deprived of his liberty for a long period." (Id. ¶ 76). Moreover, as explained above, plaintiff has adequately alleged lack of probable cause. "In most cases, the lack of probable cause—while not dispositive—'tends to show that the accuser did not believe in the guilt of the accused, and malice may be inferred from the lack of probable cause.'" Lowth v. Town of Cheektowaga, 82 F.3d 563, 573 (2d Cir. 1996) (quoting Conkey v. State, 74 A.D.2d 998, 999 (4th Dep't 1980)). Finally, plaintiff alleges Sassi testified before the grand jury regarding plaintiff's guilt even though he knew plaintiff had not committed the crimes of which he was accused. If true, this further suggests Sassi had an improper motive when he participated in plaintiff's prosecution.

Accordingly, plaintiff has plausibly alleged all of the elements of a malicious prosecution claim.

III.   Monell Claim

The City argues plaintiff has failed to plausibly allege it is liable under Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978).

The Court agrees.

"It is axiomatic that municipalities cannot be held liable pursuant to § 1983 on a respondeat superior theory." Betts v. Shearman, 2013 WL 311124, at *15 (S.D.N.Y. Jan. 24, 2013) (citing Monell v. Dep't of Soc. Servs, 436 U.S. at 690). Instead, "'[t]o hold a city liable under 1983 for the unconstitutional actions of its employees, a plaintiff is required to plead and prove three elements: (1) an official policy or custom that (2) causes the plaintiff to be subjected

8

to (3) a denial of a constitutional right.'" Wray v. City of New York, 490 F.3d 189, 195 (2d Cir. 2009) (quoting Batista v. Rodriguez, 702 F.2d 393, 397 (2d Cir. 1983)).

"To allege such a policy or custom, a plaintiff may assert one of the following:  '(1) the existence of a formal policy officially endorsed by the municipality; (2) actions taken or decisions made by municipal officials with final decision making authority, which caused the alleged violation of plaintiff's civil rights; (3) a practice so persistent and widespread that it constitutes a custom of which constructive knowledge can be implied on the part of the policymaking officials; or (4) a failure by policymakers to properly train or supervise their subordinates, amounting to 'deliberate indifference' to the rights of those who come in contact with the municipal employees.'" Guzman v. United States, 2013 WL 5018553, at *3 (S.D.N.Y. Sept. 13, 2013) (quoting Saenz v. Lucas, 2008 WL 2735867, at *5 (S.D.N.Y. July 9, 2008)).

"While Monell claims are not subject to a 'heightened' pleading standard beyond that defined in Rule 8(a)(2), such claims nevertheless must meet the plausibility requirements of Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 572 (2007), and Ashcroft v. Iqbal, 556 U.S. 662, 678, (2009)." Guzman v. United States, 2013 WL 5018553, at *4 (quoting Leatherman v. Tarrant Cty. Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 168 (1993)).  In other words, "boilerplate" allegations will not suffice.  Id. (citation omitted).

In sum, without more, "[t]he allegations [a defendant] acted pursuant to a 'policy,' without any facts suggesting the policy's existence, are plainly insufficient." Missel v. Cty. of Monroe, 351 F. App'x 543, 545-46 (2d Cir. 2009) (summary order) (citing Dwares v. City of New York, 985 F.2d 94, 100-02 (2d Cir. 1993)).

Here, plaintiff alleges the City is liable for malicious prosecution under Monell because it had "implemented a policy and custom to arrest and prosecute suspects of crime without a

9

warrant," and "encouraged [its] police officers" to make and prosecute arrests without a warrant. (Am. Compl. ¶¶ 69-70).  Plaintiff then repeats the allegations specific to his claim, and asserts without support that "the policy of encouraging arrest without a search warrant was the reason [for] Plaintiff's arrest and malicious prosecution."  (Id. ¶ 73).

Despite having amended his complaint after this issue was first raised by the City's motion to dismiss the initial complaint (Docs. ##22, 25, 26), plaintiff's allegations are mere boilerplate, and the facts alleged do not suggest the existence of a policy or custom.  In fact, the central allegations in this case all relate to the actions of one rogue police officer, and are therefore on their face <u>inconsistent</u> with the existence of a City policy or custom.  In particular, for example, plaintiff alleges Sassi "testified that he observed [p]laintiff [sell] drugs to a confidential informant, which was untrue," and that "the confidential informant was having an affair" with Sassi.  (Am. Compl. ¶¶ 22-23).  This suggests Sassi acted independently, and belies plaintiff's allegations that his arrest and prosecution were the result of a City policy or custom.

Accordingly, plaintiff's <u>Monell</u> claim must be dismissed.

IV.   Qualified Immunity

Based on the foregoing, the Court finds plaintiff has stated a claim against Sassi for malicious prosecution.  Sassi nonetheless contends he is entitled to qualified immunity, and thus the claims against him must be dismissed.

The Court disagrees.

Qualified immunity shields government officials whose conduct "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." <u>Harlow v. Fitzgerald</u>, 457 U.S. 800, 818 (1982).  The scope of qualified immunity is broad, and it protects "all but the plainly incompetent or those who knowingly violate the law."  <u>Malley v.</u>

Briggs, 475 U.S. 335, 341 (1986).  A qualified immunity defense is established where "(a) the defendant's action did not violate clearly established law, or (b) it was objectively reasonable for the defendant to believe that his action did not violate such law." Tierney v. Davidson, 133 F.3d 189, 196 (2d Cir. 1998).

If plaintiff's allegations are true, which the Court must assume at this early stage of the case, Sassi participated in plaintiff's prosecution—by testifying at the grand jury—without probable cause, and deliberately provided false information to the grand jury.  Such actions would clearly violate plaintiff's well-established Fourth Amendment rights, and it would not be objectively reasonable for Sassi to believe his actions did not violate the law.

## CONCLUSION

The City's motion to dismiss is GRANTED.

Sassi's motion to dismiss is DENIED.

The Clerk is instructed to terminate the motions (Docs. ##31, 34) and terminate defendant The City of Beacon.

By a separate order, the Court will schedule an initial conference.

Dated: March 1, 2017
       White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge

11